Mangandi-Pena v. Garland

BIA
Aikman, IJ
A094 436 204

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-three.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

JOSE NICHOLAS MANGANDI-PENA,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

21-6028
NAC

_____

**FOR PETITIONER:**          Jose Perez, Esq., Syracuse, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant Attorney
                            General; Melissa Neiman-Kelting, Assistant
                            Director; Jacob A. Bashyrov, Trial Attorney,
                            Office of Immigration Litigation, United
                            States Department of Justice, Washington,
                            DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DISMISSED in part and DENIED in

remaining part.

Petitioner Jose Nicholas Mangandi-Pena, a native and citizen of El Salvador,

seeks review of a January 4, 2021, decision of the BIA affirming a July 13, 2020,

decision of an Immigration Judge ("IJ") denying his applications for cancellation

of removal and asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT").   *See In re Jose Nicholas Mangandi-Pena*, No. A 094 436 204

(B.I.A. Jan. 4, 2021), *aff'g* No. A 094 436 204 (Immig. Ct. Batavia July 13, 2020).   We

assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions.   *See Wangchuck v.

Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).   The applicable standards

of review are well established.   *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative

2

findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (reviewing factfinding for substantial evidence and questions of law de novo).

I.      Cancellation of Removal

We lack jurisdiction to consider the agency's denial of cancellation of removal because our review is limited, and Mangandi-Pena does not raise a constitutional claim or question of law.    *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 36, 39–40 (2d Cir. 2008); *see also Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022) ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings . . . enumerated in § 1252(a)(2)(B)(i)."). A question of law may arise where the agency overlooked or mischaracterized evidence, *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), or applied "a legally erroneous standard," *Barco-Sandoval*, 516 F.3d at 39 (quotation marks omitted). The agency may cancel removal if, as relevant here, the applicant demonstrates that his removal would result in "exceptional and extremely unusual hardship" to a qualifying relative, in this case, Mangandi-Pena's U.S. citizen daughter.    8 U.S.C. § 1229b(b)(1)(D).

The agency did not overlook or mischaracterize evidence or apply an

3

erroneous standard in determining that Mangandi-Pena did not show that his U.S. citizen daughter would suffer the requisite hardship. Mangandi-Pena testified that his then 19-year-old daughter supported herself and that his family could continue to live in their home and pay their bills if he were removed to El Salvador. He also acknowledged that his daughter was in the military and could be deployed and separated from him regardless of his removal. The agency considered these facts and concluded that the additional effort required to communicate and Mangandi-Pena's daughter's worry about how conditions in El Salvador might affect her father did not rise to the level of "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D). We find no error of law in that conclusion. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (An applicant must demonstrate that "the hardship to [his] relatives, if [he] is obliged to leave the United States, [will] be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." (quotation marks omitted)).

## II.     Asylum, Withholding of Removal, and CAT

We dismiss the petition as to asylum because the agency denied that claim

as time barred, and we lack jurisdiction to review that determination absent a constitutional claim or question of law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). An asylum applicant must apply within one year of entry or show changed or extraordinary circumstances excusing the untimely filing. *See* 8 U.S.C. § 1158(a)(2)(B), (D). Mangandi-Pena entered the United States in 1998 and did not apply for asylum until he was placed in removal proceedings in 2020. Mangandi-Pena does not raise any challenge to the agency's determination that his asylum application was untimely.

Substantial evidence supports the agency's alternative basis for denying asylum, withholding of removal, and CAT relief on credibility grounds. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination "under the substantial evidence standard"). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*,

5

534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

Mangandi-Pena's application and testimony were inconsistent regarding the alleged past harm that formed the basis for his application. In his application, he alleged that while he was serving in the military during the civil war, an opposition group tied him up, blindfolded him, and cut him with knives; he was "tortured in the military"; and he received threatening letters in 1998. But he initially testified he was never physically harmed in El Salvador and that he received the threatening letters years earlier. When confronted with the contrary statements in his application, he changed his testimony and explained that the events occurred a long time ago and he had not remembered.

These material inconsistencies provide substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [an applicant]'s story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (quotation marks and citation omitted)); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.

Multiple inconsistencies would so preclude even more forcefully."). The agency was not required to credit Mangandi-Pena's explanation for the inconsistency, particularly because these events were the basis of his claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). The adverse credibility determination is dispositive of Mangandi-Pena's asylum and statutory withholding of removal claims. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Mangandi-Pena argues that the IJ's credibility determination for purposes of CAT relief is not subject to the REAL ID Act's credibility standard, but the IJ did not base the denial of CAT relief on the IJ's adverse credibility determination. Rather, the IJ concluded that even if Mangandi-Pena's testimony was credible, the record does not support Mangandi-Pena's claim that the El Salvadoran government would torture him or acquiesce to his torture, and does not indicate that it was more likely than not that he would be tortured for any reason. In his brief, Mangandi-Pena asserts broadly that he has satisfied his burden of proving that he is eligible for CAT relief "due to numerous threats against him and the lack of the government's protection," but does not identify any error in the IJ's finding

7

on this issue or point to specific evidence that compels the conclusion that he would face a likelihood of torture if he returned to El Salvador.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>